UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE L. KERNS, | |
| Plaintiff, | **OPINION** |
| v. | Civ. No. 2:12-cv-4146 (WHW) |
| LOGICWORKS SYSTEM CORPORATION, | |
| Defendant. | |

**Walls, Senior District Judge**

Plaintiff moves for summary judgment. Defendant opposes. The motion has been decided from the written submissions of the parties pursuant to Federal Rule of Civil Procedure 78. Plaintiff's motion for summary judgment is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 8, 2011, Plaintiff George Kerns ("Kerns") signed a Letter Agreement of Employment (the "Agreement") with Logicworks System Corporation ("Logicworks"). Certification of Charles W. Stotter ("Stotter Cert."), June 5, 2013, Ex. A; Agreement, June 1, 2011. Pursuant to Paragraph 2(a) of the Agreement, Kerns would be employed by Logicworks as Chief Executive Officer from June 15, 2011 forward, for a base salary of $325,000 per annum. Stotter Cert. Ex. A; Agreement, ¶ 2(a).

Paragraph 2(b) of the Agreement provided a Target Bonus for Kerns:

The Company shall adopt an annual Bonus Program and you will be eligible to receive an annual bonus in an amount determined by the Board (the "Target Bonus"). The Target Bonus for the *[sic]* each fiscal year will be not less than 50% of your Base Salary, provided, that, for 2011, the Target Bonus will be pro-rated based on the portion of such year during

>which you were employed by the Company, and, for each year, will be based upon the achievement by the Company of certain individual and corporate performance goals to be established by the Boards. The Target Bonus for any fiscal year will be paid by March 15 of the following calendar year. The Boards will use good faith efforts to set forth such individual and corporate performance goals within 60 days of the Effective Date.

Agreement, ¶ 2(b).

On March 16, 2012, Kerns resigned as Chief Executive Officer, claiming that Logicworks had breached its contractual obligation to pay him a bonus for the time that he had been employed by the company, and that he was owed a minimum bonus of $88,020.83 – 50% of his Base Salary for the time he was employed. Certification of George L. Kerns, Aug. 28, 2012 ("Kerns Cert."), ¶ 9. Kerns maintained that he was therefore resigning with "Good Reason" pursuant to Paragraph 4(c) of the Agreement, *id.* at ¶¶ 9-10, and that he was entitled to severance pay under paragraph 4(a)(i) of the Agreement. Logicworks sent a bonus check to Kerns in May 2012 in the amount of $22,148.97. *Id.* ¶¶ 13, 15; Certification of Carter Burden, III, Oct. 1, 2012, ¶ 19. Kerns did not accept the check.

On June 7, 2012, Kerns filed a complaint against Logicworks in the New Jersey Superior Court, Hudson County, for breach of contract. On July 6, 2012, Logicworks removed the case to the District of New Jersey, and served and filed its Answer to the Complaint on July 27, 2012. Kerns moved for summary judgment on September 7, 2012, and Logicworks filed its opposition on October 1, 2012. Kerns replied on October 9, 2012. This Court denied Kerns' first motion for summary judgment on October 10, 2012. This Court found as a matter of law that the bonus provision was discretionary and unambiguous in that it did not guarantee Kerns a bonus.

After several months of discovery, which has been concluded, Kerns has filed a second motion for summary judgment on June 5, 2013, saying that Logicworks materially breached the Agreement by failing to timely adopt a bonus program, pay Kerns his bonus, and by violating the

bonus provision's requirement that the Board act in "good faith" in its adoption of individual and corporate performance goals within a specified time period. ECF No. 35, pg. 13-14 (Kerns' Motion for Summary Judgment). Logicworks opposed that motion for summary judgment on July 1, 2013. Kerns replied on July 10, 2013.

## STANDARD OF REVIEW

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute between the parties must be both genuine and material to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A disputed fact is material where it would affect the outcome of the suit under the relevant substantive law. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A dispute as to a material fact is genuine where a rational trier of fact could return a verdict for the non-movant. *Id.* The movant bears the initial burden to demonstrate the absence of a genuine issue of material fact for trial. *Beard v. Banks*, 548 U.S. 521, 529 (2006). If the movant carries this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott*, 550 U.S. at 380 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). At this stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 249. Each party must support its position by "citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

## DISCUSSION

Kerns contends that Logicworks materially breached the Agreement by failing to timely adopt a bonus program and pay Kerns his bonus. ECF No. 35, pg. 13 (Kerns' Motion for Summary Judgment). Kerns further contends that Logicworks was required to use good faith efforts to set forth individual and corporate performance goals within 60 days of the start of Kerns' employment, which he alleges Logicworks failed to do. *Id.* Kerns claims that the burden to set a bonus plan was on disinterested members of the Board, and that the Board acted in bad faith in failing to satisfy this burden. *Id.* at 4-5. Kerns argues that these material breaches of the Agreement constituted "Good Reason" for resignation, and therefore he is entitled to severance pay pursuant to ¶ 4(a)(i) of the Agreement. *Id.* at pg. 5, 15-16.

Logicworks answers that Kerns was not entitled to a bonus for 2011 because the bonus provision of the Agreement was purely discretionary, and that the record shows that Logicworks made a good faith effort to comply with the aspect of the Agreement that required it to establish a bonus program and to set forth Kerns' individual and corporate performance goals. ECF No. 38, pg. 7-11, 16 (Logicworks' Opposition Brief). Logicworks also asserts that the Board did not violate the good faith clause of the bonus provision because the onus was on Kerns himself to propose a bonus program to be considered by the Board. *Id.* at 16-18; Certification of Cater Burden, III, July 1, 2013, ¶ 11. Logicworks suggests that "Kerns should be denied summary judgment because there are disputed issues of material fact as to whether the Board made good faith efforts to adopt a bonus program and to set forth Kerns' individual and corporate performance goals." *Id.* at 18.

Kerns' argument that Logicworks materially breached the Agreement by failing to timely adopt a bonus program and pay Kerns a bonus is easily disposed of. This Court has already

expressly held that "the bonus provision in question is unambiguous in that it did *not* guarantee him a bonus." Opinion, *Kerns v. Logicworks System Corp.*, Civ. No. 2:12-cv-4146(WHW) (D.N.J. Oct. 10, 2012) at 4. The reasoning and case law expressed in that opinion make clear that the Agreement's bonus provision is discretionary, and whether Logicworks adopted a bonus program and/or the timeliness of such adoption has no effect on that outcome. *Id.* The discovery that has been conducted by the parties since that opinion was issued has no bearing on this Court's determination that the bonus provision unambiguously did not guarantee Kerns a bonus.

A material issue of fact remains as to whether Logicworks breached the good faith requirement of the Agreement's bonus provision, and as a result summary judgment must be denied. The parties have a factual dispute as to whether Logicworks acted in good faith "to set forth such individual and corporate performance goals within 60 days of the Effective Date," with each party offering different interpretations of the various emails and documents gathered during discovery. It follows that summary judgment is inappropriate at this stage of the litigation. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-48 (1986).[1]

## CONCLUSION

Plaintiff's motion for summary judgment is denied due to his failure to satisfy his burden of demonstrating the absence of an issue of material fact.

August 27, 2013

**/s/ William H. Walls**
United States Senior District Judge

---

[1] Defendant argues that Plaintiff contends for the first time on summary judgment that Logicworks breached the implied covenant of good faith and fair dealing, and therefore that Plaintiff's claim should be ignored by the Court. ECF No. 38, pg. 15-16 (Logicworks' Opposition Brief). The Court need not reach this issue, as the Agreement's bonus provision specifically requires that the "Boards will use good faith efforts to set forth such individual and corporate performance goals within 60 days of the Effective Date," Agreement, ¶ 2(b).