NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GEORGE L. KERNS,<br><br>                            Plaintiff,<br>        v.<br><br>LOGICWORKS SYSTEMS CORPORATION,<br><br>                            Defendant. | **OPINION**<br><br>Civ. No. 12-04146 (WHW) (CLW) |

**Walls, Senior District Judge**

In this dispute about whether a company owes its former Chief Executive Officer additional compensation, Defendant Logicworks Systems Corporation ("LSC" or "Logicworks") moves in limine to exclude evidence from trial. Decided without oral argument under Federal Rule of Civil Procedure 78(b), LSC's motion is granted in part and denied in part.

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 8, 2011, Plaintiff George Kerns signed a Letter Agreement of Employment (the "Agreement") with LSC. The Agreement provided that Mr. Kerns would be employed by LSC as Chief Executive Officer, at a salary of $325,000, beginning on or about June 15, 2011. Cert. of Nicholas Bamman ("Bamman Cert."), Ex. 1 ¶¶ 1, 2(a), ECF No. 50-1. The Agreement also provided terms for a bonus:

> The Company shall adopt an annual Bonus Program and you will be eligible to receive an annual bonus in an amount determined by the Board (the "Target Bonus"). The Target Bonus for the [sic] each fiscal year will be not less than 50% of your Base Salary, provided, that, for 2011, the Target Bonus will be pro-rated based on the portion of such year during which you were employed by the Company, and, for each year, will be based upon the achievement by the Company of certain individual and corporate performance goals to be established by the Boards. The Target Bonus for any fiscal year will be paid by March 15 of the

1

> following calendar year. The Boards will use good faith efforts to set forth such individual and corporate performance goals within 60 days of the Effective Date.

*Id.* ¶ 2(b). The Agreement defined the "Effective Date" as the first day of Mr. Kerns's employment: June 15, 2011. Pl.'s Trial Br. 1, ECF No. 52; Def.'s Trial Br. 6, ECF No. 55.

Approximately nine months later, on March 16, 2012, Mr. Kerns resigned as CEO. Bamman Cert., Ex. 12. His resignation letter asserted that he was resigning with "Good Reason" because LSC had breached its contractual duty to pay him a 2011 bonus. *Id.* Mr. Kerns's letter also stated that, because his resignation was for "Good Reason," he was entitled to severance pay under Section 4(a)(i) of the Agreement. *Id.* LSC responded through counsel to Mr. Kerns's resignation letter on May 11, 2012. Decl. of Sami Asaad, ("Asaad Decl.") Ex. 6, ECF No. 49-2. LSC's letter disputed that Mr. Kerns resigned for "Good Reason" and that he was entitled to severance pay. *Id.* The letter also informed Mr. Kerns that LSC had adopted a bonus program and that, under the program, Mr. Kerns was "entitled to a 2011 cash bonus in the amount of $22,148.97." *Id.* The letter enclosed a check, which Mr. Kerns did not accept. Opinion 2, Aug. 27, 2013, ECF No. 40.

On June 7, 2012, Mr. Kerns filed suit against LSC in New Jersey Superior Court, Hudson County, for breach of contract. On July 6, 2012, LSC removed the case here. This Court denied Mr. Kerns's first motion for summary judgment on October 10, 2012. Opinion, Oct. 10, 2012, ECF No. 18. The Court found as a matter of law that the Agreement's bonus provision was discretionary and unambiguous in that it did not guarantee Mr. Kerns a bonus. *Id.*

On June 5, 2013, after several months of discovery, Mr. Kerns filed a second motion for summary judgment. He asserted that LSC materially breached the Agreement by (1) failing to adopt a bonus program and pay him a 2011 bonus and by (2) violating the Agreement's requirement that the Board act in "good faith" to adopt performance goals within sixty days of his

2

start date. Opinion, Aug. 27, 2013. The Court again denied summary judgment. *Id.* The Court rejected Mr. Kerns's first argument, reiterating "that the Agreement's bonus provision is discretionary, and whether Logicworks adopted a bonus program and/or the timeliness of such adoption has no effect on that outcome." *Id.* at 5. The Court found that a material issue of fact existed, however, "as to whether Logicworks breached the good faith requirement of the Agreement's bonus provision." *Id.* The Court stated that the "parties have a factual dispute as to whether Logicworks acted in good faith 'to set forth such individual and corporate performance goals within 60 days of the Effective Date,' with each party offering different interpretations of the various emails and documents gathered during discovery." *Id.* Because of this factual dispute, the Court denied summary judgment. *Id.*

LSC now moves in limine to exclude the following from trial:

1. Evidence that the Agreement "guaranteed" Mr. Kerns a bonus.

2. Evidence that there was a tie vote by members of the LSC Board of Directors or Compensation Committee on Mr. Kerns's 2011 bonus or that there should have been a method for breaking a tie vote.

3. Evidence that LSC adopted a bonus plan in May 2012 and voted to offer Mr. Kerns a 2011 bonus in an attempt to settle his claim.

4. Evidence that LSC's accounting department "accrued" a 2011 bonus for Mr. Kerns.

Def.'s Br. 1, ECF No. 49-1. Mr. Kerns opposes LSC's motion in its entirety. Pl.'s Opp., ECF No. 50.

**1. The Court Denies as Moot LSC's Motion to Exclude Evidence that the Agreement Guaranteed Mr. Kerns a Bonus**

LSC's motion to exclude evidence that the Agreement "guaranteed" Mr. Kerns a bonus is moot because the Court has already held that the Agreement is "unambiguous in that it did *not* guarantee Kerns a bonus." Opinion 4, Oct. 10, 2012, ECF No. 18. Also, Mr. Kerns concedes that

**NOT FOR PUBLICATION**

he "does not intend to elicit testimony or present evidence that his bonus was guaranteed." Pl.'s Opp. 6. This motion is denied for mootness.

> **2. The Court Will Not Exclude Evidence of a Tie Vote or of the Absence of a Tie-Breaking Method**

LSC also moves to exclude evidence "that the Logicworks Board was deadlocked with respect to [Mr. Kerns's] bonus and that Logicworks did not develop a method for breaking a tie." Def.'s Br. 5. LSC contends that "[i]t is undisputed that neither the Compensation Committee nor the board held a vote on whether [Mr. Kerns] should receive a bonus for 2011 before [Mr. Kerns] quit in 2012." *Id.* LSC also argues that "such evidence is not probative of whether the Board made good faith efforts, is unfairly prejudicial, and will mislead and confuse the jury." *Id.*

Mr. Kerns responds that "the tie vote and the circumstances around it are relevant as evidence of Logicworks'[s] bad faith." Pl.'s Opp. 7. Mr. Kerns contends that Carter Burden, the Chairman of LSC's Board of Directors and one of two members on the Board's Compensation Committee, spearheaded a bad faith effort to deny Mr. Kerns a bonus. *Id.* at 2-4. Mr. Kerns argues that evidence of "a deadlock on Mr. Kerns'[s] Bonus in the compensation committee with Mr. Luby in favor and Mr. Burden against" supports the argument that Mr. Burden led a bad faith effort to deny him a bonus. *Id.* at 7. Mr. Kerns cites as evidence emails in which Mr. Burden stated that the Compensation Committee was "deadlocked" regarding Mr. Kerns's bonus, that he would "not be approving a bonus," and that he was "not going to be tractable about" the issue. *Id.* at 4.

Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence that Mr. Burden's opposition created deadlock on Mr. Kerns's bonus adds to the probability that Mr. Burden led an

4

effort to deny Mr. Kerns a 2011 bonus. Evidence of antagonism from Mr. Burden could help substantiate a finding that the Board failed to act in good faith to set the necessary performance goals. Also, evidence that a stalemate regarding Mr. Kerns's bonus within the two-member Compensation Committee was not resolved by the four-member Board of Directors may make it less probable that the Board acted in good faith. The Court denies LSC's motion to exclude evidence of a tie vote and of the absence of a tie-breaking method.

### 3. The Court Will Not Exclude Evidence of LSC's Adoption of Bonus Program and Award to Mr. Kerns in May 2012

LSC also moves to exclude evidence that it adopted a bonus program and awarded Mr. Kerns a bonus in May 2012. LSC argues that Mr. Kerns's resignation letter "evidenced the existence of a dispute between the parties" and that it then adopted its bonus program and offered Mr. Kerns a 2011 bonus "in an attempt to compromise Kerns's claim." Def.'s Br. 8. LSC contends that its adoption of a bonus program and award to Kerns should be excluded as settlement-related communications under Rule 408. *Id.* Mr. Kerns counters that the "letter in which the Logicworks'[s] bonus decision was communicated to Mr. Kerns was not a settlement communication as contemplated by FRE 408." Pl.'s Opp. 8.

Rule 408 limits the admissibility of evidence of "furnishing, promising, or offering . . . valuable consideration in compromising or attempting to compromise a claim" and of "conduct or a statement made during compromise negotiations." Fed. R. Evid. 408(a)(1)-(2). The rule exists to encourage settlement negotiations by removing parties' fears that their offers or statements will be used against them should negotiations fail.

The existence of a dispute is key to the applicability of Rule 408. The Third Circuit has indicated that Rule 408 "applies where there is a 'dispute' between parties, or 'at least an apparent

5

difference of view . . . concerning the validity or amount of a claim.'" *ECEM European Chem. Mktg. B.V. v. Purolite Co.*, 451 F. App'x 73, 77 (3d Cir. 2011) (citing *Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 525 (3d Cir. 1995). "A dispute need not 'crystallize to the point of threatened litigation'; a mere difference of opinion will suffice to warrant the exclusion." *Id.* (citing *Affiliated Mfrs., Inc.*, 56 F.3d at 527). "In determining whether a dispute exists, the facts of each case are critical to a district court's exercise of discretion." *Id.* (citing *Affiliated Mfrs., Inc.*, 56 F.3d at 528). "Ultimately, when in doubt, the district court should err on the side of excluding compromise negotiations." *Id.* (citing *Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356, 1364 (10th Cir. 1987)).

Not all communications between parties to a dispute necessarily fall within the scope of Rule 408. Rule 408 bars evidence that a party offered consideration "in compromising or attempting to compromise a claim." Fed. R. Evid. 408(a)(1). As such, payments offered without the purpose of reaching a compromise are not covered by the rule. 23 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Evid. § 5303 (1st ed.) ("a gratuitous payment of money will usually be evidence of the amount that is not disputed and thus beyond the scope of Rule 408"). Courts have recognized that unconditional offers, which do not require claimants to abandon or modify their claims, are not settlement offers protected by Rule 408. *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 909 (2d Cir. 1997) (unconditional offer that did "not require the employee to abandon . . . his suit" not barred under Rule 408); *Fiebelkorn v. IKON Office Solutions, Inc.*, 668 F. Supp. 2d 1178, 1187 (D. Minn. 2009) (letter to former employee offering payment for "unpaid commissions" not compromise offer barred by Rule 408); *Maltbie v. Bank of Am.*, No. 12-1002, 2013 WL 6078945, at *4 (W.D. Mich. Nov. 19, 2013) (loan modification offer not barred by Rule

6

**NOT FOR PUBLICATION**

408 because it "was not made as part of settlement negotiations, nor did it require the [Plaintiffs] to settle or compromise any claims").

At issue here is the letter LSC's counsel sent in response to Mr. Kerns's resignation letter. Mr. Kerns's resignation letter asserted that he was resigning for "Good Reason" because LSC had not paid him a 2011 bonus and that he was due severance benefits. Bamman Cert., Ex. 12. LSC's response letter disputed both that Mr. Kerns had resigned for "Good Reason" and was due severance benefits. Asaad Decl., Ex. 6. The existence of a dispute regarding Mr. Kerns's entitlement to severance benefits is clear. In a separate paragraph, however, LSC's letter informed Mr. Kerns that LSC had adopted a bonus program and that Mr. Kerns was "entitled to a 2011 cash bonus in the amount of $22,148.97." *Id.* The letter does not condition this payment on any release or modification of claims by Mr. Kerns. Instead, LSC's letter contemplates that Mr. Kerns may bring suit despite the payment. The letter states:

> Please note that all of the Company's obligations under the Agreement have been paid to Mr. Kerns and that he will not receive any further compensation or severance. Mr. Kerns did not resign for Good Reason and, if he commences a lawsuit against the Companies, they will assert a vigorous defense . . .

*Id.* Because the letter states that Mr. Kerns was "entitled" to $22,148.97 and gives no indication that the payment was intended to compromise or settle any claim, it is not barred from evidence by Rule 408. Likewise would any other evidence of LSC's adoption of the bonus program fall outside of Rule 408, as there is no indication that LSC adopted the bonus program during or in furtherance of settlement negotiations. LSC's motion to exclude evidence of its adoption of the bonus program and award to Mr. Kerns is denied.

### 4. The Court Will Exclude LSC's Accrual of a 2011 Bonus for Mr. Kerns

LSC also moves to exclude evidence that its accounting department "accrued" a 2011 bonus for Mr. Kerns. LSC asserts that Mr. Kerns should be barred from introducing "emails

7

**NOT FOR PUBLICATION**

involving employees in Logicworks'[s] accounting department" which "indicate that the accounting department recorded an amount 'accrued' for Plaintiff's bonus." Def.'s Br. 9. LSC argues that this evidence is irrelevant and could mislead and prejudice the jury. *Id.* at 10.

Mr. Kerns responds that the evidence is "highly relevant" because the accounting accrual "evidences that: (1) Logicworks' internal accountants fully expected that a Bonus Program would be timely adopted . . . ; (2) Logicworks had the means to pay the bonus; and (3) only Mr. Burden's bad faith conduct prevented the Bonus Program from being timely adopted, implemented, and a Bonus paid." Pl.'s Opp. 9. Mr. Kerns also asserts that the evidence does not risk confusing, misleading, or prejudicing the jury because it depends only "on the simple concept that a company would not provide for an expense if its accountants did not anticipate incurring that expense." *Id.*

Evidence of the accounting department's bonus accrual is irrelevant to the question of whether LSC's Board of Directors acted in good faith to set the performance goals for Mr. Kerns's bonus calculation. That LSC's accounting department accrued a 2011 bonus in its accounting system for possible payment to Mr. Kerns does not make it more or less probable that the Board acted in good faith to establish the necessary performance goals. LSC's motion to exclude evidence of the accounting department's bonus accrual is granted.

## CONCLUSION

LSC's motion is granted in part and denied in part. An appropriate order follows.


Date: May 26, 2015

                                                 **/s/ William H. Walls**
                                                 United States Senior District Judge