**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE L. KERNS,<br><br>                    Plaintiff,<br>          v.<br><br>LOGICWORKS SYSTEMS CORPORATION,<br><br>                    Defendant. | OPINION<br><br>Civ. No. 12-04146 (WHW) (CLW) |

**Walls, Senior District Judge**

      Following jury trial, Plaintiff George Kerns moves for an order entering judgment and awarding prejudgment interest. The parties dispute the appropriate interest rate for calculating prejudgment interest. Ruling without oral argument under Federal Rule of Civil Procedure 78(b), the Court enters judgment in Plaintiff's favor and awards Plaintiff prejudgment interest of $19,764.57 plus $22.36 for each day of 2015 up to and including the day judgment is entered.

## FACTUAL AND PROCEDURAL BACKGROUND

      In June 2015, the Court presided over a jury trial in this matter to determine whether Defendant Logicworks Systems Corporation ("LSC") breached Mr. Kerns's employment contract "by failing to use good faith efforts to set forth individual and corporate performance goals within 60 days of June 15, 2011." Jury Verdict, ECF No. 77. After closing arguments, the Court instructed the jury on New York law, which governed the parties' contract. *See* Opinion 3 n.1 (Oct. 10, 2012), ECF No. 18. On June 12, 2015, the jury returned a verdict finding that LSC breached the contract. *Id.* The jury also rejected LSC's affirmative defense, and determined that Plaintiff is entitled to damages of $365,148.97. *Id.* Plaintiff now moves for an order entering judgment against LSC and an award of prejudgment interest. Pl.'s Mem. 3, ECF No. 73-1.

1

**NOT FOR PUBLICATION**

## DISCUSSION

There is no dispute regarding Plaintiff's request for an entry of judgment against LSC for $365,148.97 in accordance with the jury's verdict. *See* Def.'s Mem. 1, ECF No. 78. The parties' dispute regards the appropriate interest rate for calculating prejudgment interest. Plaintiff argues that New York law dictates the prejudgment interest rate because New York law governs the employment contract and "prejudgment interest for breach of contract causes of action . . . is a matter of substantive law." Pl.'s Mem. 4. Defendant argues that "prejudgment interest is a procedural matter controlled by New Jersey law." Def.'s Mem. 1.

### 1. New Jersey Law Governs Prejudgment Interest

"Federal courts sitting in diversity must apply state law with respect to prejudgment interest." *Gleason v. Norwest Mortgage, Inc.*, 253 F. App'x 198, 203 (3d Cir. 2007) (citing *Jarvis v. Johnson*, 668 F.2d 740, 746 (3d Cir. 1982)). The question of which state's law to apply is resolved using the forum state's conflict of law rules. *Draper v. Airco, Inc.*, 580 F.2d 91, 97 (3d Cir.1978) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941)). The New Jersey Supreme Court has determined that New Jersey law governs prejudgment interest awards "even when a different state's substantive law must govern" the dispute. *N. Bergen Rex Transp., Inc. v. Trailer Leasing Co.*, 158 N.J. 561, 569 (1999).[1] Accordingly, this Court must apply New Jersey law regarding prejudgment interest when sitting in diversity, even though New York substantive law governs the parties' contract dispute. *Gleason*, 253 F. App'x at 203; *see also Promotion in*

---

[1] Plaintiff's reference to *Travelers Cas. & Sur. Co. v. Ins. Co. of N. Am.*, 609 F.3d 143, 169 (3d Cir. 2010), is inapposite. That opinion dealt with how the Pennsylvania Supreme Court would apply Pennsylvania's conflict of law rules to identify the law applicable to prejudgment interest. *Id.* at 169-74. It does not instruct as to how the New Jersey Supreme Court would apply New Jersey's conflict of law rules to identify the law applicable to prejudgment interest in this case.

**NOT FOR PUBLICATION**

*Motion, Inc. v. Beech-Nut Nutrition Corp.*, Civ. No. 09-1228, 2012 WL 5045135, at *2 (D.N.J. Oct. 17, 2012); *Munich Reinsurance Am., Inc. v. Am. Nat. Ins. Co.*, 999 F. Supp. 2d 690, 758 (D.N.J. 2014), *aff'd*, 601 F. App'x 122 (3d Cir. 2015).

### 2. Mr. Kerns Is Entitled to a Prejudgment Interest Award

Under New Jersey law, "the award of prejudgment interest in a contract case is within the sound discretion of the trial court." *Litton Industries, Inc. v. IMO Industries, Inc.*, 200 N.J. 372, 391 (2009). The New Jersey Supreme Court has guided that

> the rate at which prejudgment interest is calculated is within the discretion of the court. We have explained that the primary consideration in awarding prejudgment interest is that the defendant has had the use, and the plaintiff has not, of the amount in question; and the interest factor simply covers the value of the sum awarded for the prejudgment period during which the defendant had the benefit of monies to which the plaintiff is found to have been earlier entitled.

*Id.* at 390 (quoting *Rova Farms Resort, Inc. v. Investors Ins. Co.*, 65 N.J. 474, 506 (1974)) (internal citations omitted). Prejudgment interest should not be imposed as a punitive measure. *New Jersey Mfrs. Ins. Co. v. Nat'l Cas. Co.*, 393 N.J. Super. 340, 354 (App. Div. 2007). Considering this guidance, the Court finds that Mr. Kerns is entitled to an award of prejudgment interest. The jury returned a verdict in his favor, finding that LSC breached his employment contract and caused him monetary damages. An award of prejudgment interest will compensate Mr. Kerns for his lost use of the money during the pendency of this litigation.

LSC presents two arguments against an award of prejudgment interest. First, LSC argues that Mr. Kerns should not receive interest on the $22,148.97 bonus amount which LSC offered him in May 2012 and he rejected. Def.'s Mem. 5. The Court agrees. Mr. Kerns refused to accept the $22,148.97 when it was offered to him, and the Court will not award him interest on an amount that he could have had but repudiated.


**NOT FOR PUBLICATION**

Second, LSC argues that the circumstances "do not justify punishing Logicworks further by assessing prejudgment interest." *Id.* The Court disagrees with LSC's characterization of a prejudgment interest as punitive. It is not. As discussed, New Jersey law only affords an award of prejudgment interest to compensate for lost use of money. The jury has determined that LSC owed Mr. Kerns $365,148.97 under his employment contract, but did not pay it to him. Because Mr. Kerns lost the use of this sum during this litigation, the equities favor awarding him prejudgment interest to compensate for the delay. The Court will award Mr. Kerns prejudgment interest on $343,000.00, which represents the judgment amount of $365,148.97 less the $22,148.97 amount Mr. Kerns refused in May 2012.

### 3. A 2.25% Annual Interest Rate is Appropriate

While equitable principles ultimately govern the award of prejudgment interest in contract disputes, absent unusual circumstances, courts look to New Jersey Court Rule 4:42-11 for guidance as to the appropriate prejudgment interest rate. *Litton*, 200 N.J. at 390-91; *DialAmerica Marketing, Inc. v. KeySpan Energy Corp.*, 374 N.J. Super. 502, 508 (App. Div. 2005). Rule 4:42-11(a)(ii) establishes 0.25% or the rate of return of the New Jersey Cash Management Fund, whichever is higher, as the appropriate prejudgment interest rate for judgments up to $15,000. N.J. Court Rules, R. 4:42-11. For judgments equal to or greater than $15,000, Rule 4:42-11(a)(iii) adds two percentage points to the rate. *Id.*, R. 4:42-11(a)(iii). The New Jersey Cash Management Fund returned less than 0.25% for 2012, 2013, and 2014. *See* Rates of Return, Division of Investment, State of New Jersey Department of the Treasury, http://www.nj.gov/treasury/doinvest/cash3.shtml (last visited July 14, 2015). As such, the applicable prejudgment interest rate for this case under Rule 4:42-11 would be 2.25%.

**NOT FOR PUBLICATION**

While this rate serves as a guidepost, courts have considered factors in analyzing the equities such as "the amount of judgment at issue," "the length of this litigation," and "the reasonable rates of return that [the nonbreaching party] might have earned." *See, e.g., W.R. Huff Asset Mgmt. Co., L.L.C. v. William Soroka 1989 Trust*, Civ. No. 04-3093, 2009 WL 2436692, at *7 (D.N.J. Aug. 6, 2009). The Court takes into consideration the significant amount of money at issue in this case and the three year pendency of this litigation. Although the Court will not and does not speculate as to whether or how Mr. Kerns would have invested any portion of the money, the Court acknowledges his representation that the S&P 500 stock market index has increased by an average annual rate of approximately 17% during this period. Pl.'s Mem. 7. Exercising its equitable discretion, the Court finds that a 2.25% annual prejudgment interest rate is appropriate to compensate Mr. Kerns for his lost use of the judgment amount.

It is also within the Court's discretion to determine the date on which prejudgment interest began to accrue. *Cnty. of Essex v. First Union Nat. Bank*, 186 N.J. 46, 61 (2006). Exercising this discretion, the Court will award prejudgment interest for the period running from the date LSC formally acknowledged service of the complaint initiating this action, June 26, 2012,[2] until the date on which judgment is entered. *See, e.g., Devine v. Advanced Computer Concepts Inc.*, Civ. No. 08-875, 2009 WL 78158, at *4 (D.N.J. Jan. 9, 2009). Finally, the Court will calculate prejudgment interest with annual compounding, as doing so serves the goal of compensating Mr. Kerns for the lost time value of his money. *Musto v. Vidas*, 333 N.J. Super. 52, 75, 754 A.2d 586, 599 (App. Div. 2000). At a 2.25% annual interest rate, the prejudgment interest award shall be

---

[2] *See* Notice of Removal, Ex. B, ECF No. 1-2.

**NOT FOR PUBLICATION**

$19,764.57 for the period from June 26, 2012 to December 31, 2014, plus $22.36 for each day of 2015 up to and including the day judgment is entered.[3]

## CONCLUSION

The Court enters judgment in Plaintiff's favor and awards Plaintiff prejudgment interest of $19,764.57 plus $22.36 for each day of 2015 up to and including the day judgment is entered. An appropriate order follows.

Date: July 28, 2015

Hon. William H. Walls
United States Senior District Judge

---

[3] These amounts reflect annual interest compounding. For the period from June 26, 2012 to December 31, 2012 (188 days), $3,975.04 of interest accrued at a 2.25% annual rate on the amount of $343,000.00. For 2013, $7,806.94 of interest accrued at a 2.25% annual rate on the $343,000.00 amount plus the 2012 interest amount ($346,975.04). For 2014, $7,982.59 of interest accrued at a 2.25% annual rate on the $343,000.00 amount plus the 2012 and 2013 interest amounts ($354,781.98). In 2015, at a 2.25% annual rate, $22.36 accrues each day on the $343,000.00 amount plus the 2012, 2013, and 2014 interest amounts ($362,764.57).

6